# THE
# New York Supplement
## VOLUME 38.

(25 Civ. Proc. R. 286; 16 Misc. Rep. 362.)

### LYNCH v. SAUER.

(Supreme Court, Appellate Term, First Department.   March 27, 1896.)

APPEAL—LEAVE FOR APPEAL TO APPELLATE DIVISION—PRACTICE.

    The practice in regard to granting leave to appeal to the appellate division of the supreme court from the appellate term for hearing appeals from the district and city courts will be conformed to the former practice under Code Civ. Proc. § 191, regulating appeals to the court of appeals, and such leave will be granted only (1) where the determination involves great interests or settles a principle of law affecting numerous cases; (2) where the decision is in conflict with one rendered by a general term of the district; (3) where the questions of law involve an important public statute, or the principles involved are of importance to others than the parties litigating.

Defendant moves for leave to appeal to appellate division under rule 7 of such division.   Denied.

For former decision, see 35 N. Y. Supp. 715.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

B. Metzger and G. M. Curtis, for the motion.

Anderson, Howland & Murray, opposed.

PER CURIAM.   The practice in regard to granting leave to appeal to the appellate division from judgments and orders of this term must be assimilated to that formerly prevailing in the court of common pleas on like motions for leave to appeal to the court of appeals in actions commenced in the city and district courts. By such practice leave would be granted only (1) where the determination involved great interests, or settled a principle of law affecting the decision of numerous other cases (Jackson v. Purchase, 1 Hilt. 357; and see Brand v. Godwin, 15 Daly, at page 469, 8 N. Y. Supp. 339, 9 N. Y. Supp. 743); (2) where the decision of the court was in direct conflict with one rendered by a general term of this district (Clapp v. Graves, 2 Hilt. 243); (3) where the questions of law fall within one or other of the following classes: That they involve the construction of a public statute; that they are of public importance, or affect a large public interest; or that the principles involved are of importance to others than the parties litigating.   And in respect to any of these classes of cases the court must be satisfied that there is fair and reasonable ground to doubt the correctness of the decision sought to be reviewed.

Butterfield v. Radde, 38 N. Y. Super. Ct. 44. The provision of section 1344 of the Code, allowing appeals from this term to the appellate division, like that previously contained in section 191 permitting appeals to the court of appeals, is permissive only, bears the same interpretation, and requires like regulation. A practice so long tried, and respected alike by bench and bar, is the safest test of judicial discretion to be adopted under existing conditions. We have therefore concluded to adhere to it for future guidance. Leave will not be granted where the subject-matter involved is trifling in amount, and the delay would work a hardship on the respondent (Ahern v. Steamship Co., 11 Abb. Pr. [N. S.] 356), nor where the principle involved is not of sufficient importance to justify the application (Woodward v. Bugsbee, 2 Hun, 683). A novel question of evidence does not present such a case. Id. 128, 683.

As the application is not within any of the rules with the modifications stated, it must be denied, with $10 costs.