UPTEGROVE et al. v. CENTRAL RAILROAD OF NEW JERSEY.

(Supreme Court, Appellate Term, First Department.  March 27, 1896.)

Action by William E. Uptegrove and another against the Central Railroad of New Jersey.  From a judgment (35 N. Y. Supp. 1118) affirming a judgment in favor of plaintiffs, defendant moves for leave to appeal to the appellate division.  Denied.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

De Forest Bros., for the motion.
M. P. O'Connor, opposed.

PER CURIAM.  For the reasons assigned in Lynch v. Sauer, 38 N. Y. Supp. 1, in which the opinion was this day filed, the motion will be denied, with $10 costs.  All concur.

---

(2 App. Div. 545.)

O'BEIRNE v. BULLIS et al.

(Supreme Court, Appellate Division, First Department.  March 20, 1896.)

1. SPECIFIC PERFORMANCE—RECOVERY OF DAMAGES.
    When a decree for specific performance of a contract to convey land would be unavailing, because of defendants' inability to perform from want of title, damage may be recovered in the same action for breach of the contract.

2. TRIAL BY JURY.
    An action for specific performance of a contract to mortgage certain land, and to enjoin defendants from doing certain acts prejudicial to plaintiff's rights under the contract, was, on failure of the trial court to retain the action for the purpose of awarding damages for breach of the contract (a decree for specific performance being unavailing, for want of title in defendants), sent back to the trial court.  The complaint alleged that defendants had, by fraud, included in the mortgage other property than that agreed to be mortgaged.  The answer denied the fraud, but did not set up an inability to perform, alleging, on the contrary, a full compliance with the contract.  Held, that it was proper, on the second trial, to refuse a trial by jury, demanded by defendants before their inability to perform was disclosed.

3. PARTIES—ACTION ON CONTRACT.
    Defendants entered into a contract under seal with N. to mortgage certain lands, to secure bonds to be issued by defendants, and negotiated by N., the proceeds to be used by N. in completing defendants' railroad.  A deed of trust was made purporting to comply with the contract, but, by fraud, other land was substituted therein, which was valueless.  Held that, on refusal of the trustee to sue for the specific performance of the contract to mortgage the land agreed upon, a bondholder, in behalf of himself and all other bondholders, could sue therefor.

Appeal from special term, New York county.

Action by James R. O'Beirne against Spencer S. Bullis, Mills W. Barse, and the Central Trust Company.  From a judgment for plaintiff, entered upon a decision after trial, defendants Bullis and Barse appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William W. Cook and Adelbert Moot, for appellant Barse.
Joseph Koch and Frank Rumsey, for appellant Bullis.
Frank Sullivan Smith, for respondent O'Beirne.
Adrian H. Joline, for respondent Central Trust Company.