CULLEN, J.
On the 2d of February, 1894, the defendant Lancaster entered into an agreement with the defendant the New York Stone-Crushing Company whereby the former was to erect and complete a stone-crushing plant, which included many named' articles, as shown on five blué prints, and according to the specifications (which blueprints and specifications were signed'by the-parties, and made part of the agreement), for the sum of $15,000, to be paid at specified times and in specified amounts. This plant, consisted in part of two stone crushers and a screen, for .the construction of which Lancaster contracted with one Dixon, the assignor of the plaint'ff. The plaintiff completed the construction:, of the stone crushers and screens, and delivered them to the defendant company, at whose yard they were set up about the 24th r of May, 1894. On the 28th of May, 1894, in payment of hisi contract price with Dixon, Lancaster assigned to the plaintiff the; payment of $6,000 which would become due to him, under his-1 contract with the stone-crushing company, upon the delivery of the two crushers and screen. The defendant the stone-crushing company refused to make this payment, and this action is brought" to recover its amount. The defendant, by its answer, denied that-Lancaster had carried out his contract with it, or that there was-an y sum due under the contract.
The first objection made to this recovery is that the claim or (demand of Lancaster was single and entire, and could not be (divided up, so as to authorize the plaintiff to maintain an action [to recover the part of it assigned to him. It is unnecessary to- *863 discuss at any length this objection. The question has been conclusively settled contrary to 'he defendant’s claim, by the decided cases,—Risley v. Bank, 83 N. Y. 318, and Lauer v. Dunn, 23 St. Rep. 374.
The question whether Lancaster had performed his contract, so» as to entitle him or his assignee to the payment in suit, is a more serious question. The evidence on the part of the plaintiff was-that the crushers were constructed in exact conformity with the plans and specifications for the work. This does not seem to be-denied by the defendant company. The evidence for the defendant, substantially uncontroverted by the plaintiff, is that the-crushers constantly broke down when put in use, and were inadequate and insufficient for the work they were intended to perform. It must necessarily be concluded from these facts that the defect in or difficulty with the crushers lay in their design or plan. Of course, as between the plaintiff and Lancaster, the former was no wise responsible for any defect in the design or plans-of the crushers. He performed his contract, and was entitled to-his pay when he made crushers according to the plans furnished, even though such crushers were worthless. But the plaintiff’s right in this action is derived from Lancaster, and the question is, not whether the plaintiff performed his contract with Lancaster, but whether Lancaster performed his contract with the defendant company. The agreement between Lancaster and the defendant company was that he would furnish and erect, among other articles, two stone crushers in accordance wit.h the blue prints and specifications. Had the blue prints contained nothing but drawings of the machines to be constructed, Lancaster’s contract would have been of the same character as the plaintiff’s. These blue prints had this'caption:
“Stone Crushing Plant of the N. Y. S. C. Co., Hastings-on-Hudson, N. Y. Arrangement of crushers, elevator, and bin. Capacity 600 cubic yards daily. Scale, -| of an inch. Designed by James H. Lancaster, 59 Cortlandt St., N. Y.”
It also appeared by the evidence that the plant was, as a matter of fact, wholly designed by Lancaster. I think that, taking the blue prints and the written agreement together, the fair import of the contract between the parties was that the machinery thus designed and to be furnished by Lancaster should have a capacity of 600 cubic yards, and that there was an implied warranty on the part of Lancaster that the machinery furnished should be suitable- and adequate for the purpose. The evidence seems to clearly establish that the crushers were insufficient and defective.
Though the defendant company might have properly rejected these crushers as not complying with Lancaster’s contract, it might also preclude itpelf from such a course by accepting the articles. The trial court has found, as a matter of fact, that the defendant company did accept the ctushers, and we think this finding justified by the evidence. The company kept the crushers for some-five months. The defect in the machines not appearing on inspection, but solely to be determined by trial, the company had the-right to a trial of the machines before it was compelled to either *864 accept or reject the same. Brown v. Foster, 108 N. Y. 307; 13 St. Rep. 805. But, after the defective character of the machines' had become known by the trial, then the company was put to its ■election to accept or reject them. The use of the machines, for the purpose of their business, after the trial had shown that they were •defective, was a conclusive election to accept. In this respect the present case resembles closely that of Brown v. Foster, supra, andi the decision in that case that the plaintiff, by using a sawmill after knowledge that it failed to comply with the contract, had accepted it, and was precluded from substantially returning it, controls the disposition of this case. We do not say that, on the discovery of the first defect or fault of the machines, the defendant company was compelled to make its election. If the fault was trivial, or of such a character as easily to be remedied, the defendant would be justified in using the machines, and not precluded from returning them upon the subsequent appearance or discovery of a gross defect that would render the machines useless, or materially impair their value. But in this case, after the machines had- repeatedly broken down in vital parts, and the inadequacy •of the machines to perform the specified work had become apparrent, the defendant company still continued to use them. This operated as an acceptance.
It may be that in the agreement between Lancaster and the stonecrushing company there is a warranty that would survive the acceptance of the articles to be furnished. Gurney v. Railroad Co., 58 N. Y. 358. If this be so, doubtless the defen dent company might, in this action, have recouped its damages for the breach of the warranty, or set them off against the plaintiff’s claim. No such counterclaim or set off is pleaded by the defendant company, nor is there any evidence in the case to show either the contract price or the value of the two crushers; the screen being included in the contract between the plaintiff and Lancaster, and having been retained by the defendant company. The defendant company rested its defense solely on the denial of the performance of the contract; and it was not possible, either within the pleadings or under the evidence, to award damages for a breach of warranty.
The judgment appealed from should be affirmed, with costs.
All concur.