POLLATSCHEK et al. v. GOODWIN. (Supreme Court, Appellate Term,. First Department. October 29, 1896.) Action by Pollatschek and others against Goodwin. Motion for leave to appeal to the appellate division for reargument. See 40 N. Y. Supp. 682.

PER CURIAM. Every point made by the appellant's counsel upon the argument of the appeal was fully noted and discussed in the opinion handed down, and this motion seems to be no more than an effort to secure further discussion of well-established principles of law in their application to the facts of the particular case. The main contention of the appellant's counsel is that the plaintiffs were not mere middlemen, but brokers intrusted with discretionary powers. The contention is wholly with regard to a question of fact; hence this motion cannot be said to come within the rules laid down in Lynch v. Sauer, 16 Misc. Rep. 363, 38 N. Y. Supp. 1, as governing motions for leave to appeal to the appellate division. Motion denied, with $10 costs.

POND, Respondent, v. SALAMANCA NAT. BANK, Appellant. (Supreme Court, Appellate Division, Fourth Department. April, 1896.) Action by Charles F. Pond, as receiver of the Weaver Lumber Company, against the Salamanca National Bank. No opinion. Interlocutory judgment affirmed, with costs.

PORTER et al., Respondents, v. DUCEY LUMBER CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 2, 1896.) Action by Hiram P. Porter and others against the Ducey Lumber Company. No opinion. Judgment and order affirmed, with costs. All concur.

POWERS, Appellant, v. EVELINE, Respondent. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by William F. Powers, by guardian, against Mary S. Eveline. No opinion. Order affirmed, without costs to either party. All concur.

PROCTOR, Respondent, v. SIDNEY SASH, BLIND & FURNITURE CO. et al., Appellants. (Supreme Court, Appellate Division, Third Department. December 18, 1896.) Action by William H. Proctor against the Sidney Sash, Blind & Furniture Company and others. No opinion. Motion to go to the court of appeals, and for a certificate from this court under section 190 of the Code, denied. See 40 N. Y. Supp. 454.

PROCTOR v. SOULIER. (Supreme Court, Appellate Division, Third Department. September 29, 1896.) Action by Frederick F. Proctor against Henry P. Soulier. No opinion. Order of confirmation and report of referee modified by reducing the damages, as found by the referee, to the sum of $393.20,—being the sum of $250 for counsel fees, and the sum of $143.20 for costs and expenses of the referee; and, as so modified, affirmed, without costs of this appeal to either party. All concur. See 40 N. Y. Supp. 459.

PROKOP, Respondent, v. CENTRAL R. CO. OF NEW JERSEY, Appellant. (Supreme Court, Appellate Division, Second Department. December 8, 1896.) Action by John Prokop against the Central Railroad Company of New Jersey. No opinion. Judgment and order unanimously affirmed, with costs.

PYNE et al. v. PHILLIPS et al. (Supreme Court, Appellate Division, First Department. October 23, 1896.) Action by Moses T. Pyne and others against Hartwig J. Phillips and others. No opinion. Motion denied upon payment of $10 costs.

PYNE et al. v. PHILLIPS. (Supreme Court, Appellate Division, First Department. November 20, 1896.) Action by Moses T. Pyne and others against Hartwig J. Phillips. No opinion. Motion denied upon payment of $10 costs.

RACH'S MASHING PROCESS CO., Respondent, v. SEITZ, Appellant. (Supreme Court, Appellate Division, Second Department. October 20, 1896.) Action by the Rach's Mashing Process Company against Michael Seitz. J. J. Bennett, for appellant. Fred. W. & Alfred E. Hinrichs, for respondent.

PER CURIAM. Assuming that the contract of sale contains a warranty of quality of the beer to be manufactured by the cooking process, defendant, by his pleading, does not present that issue. The answer, at considerable length and in much detail, makes specific denials of the allegations of the complaint, and makes affirmative allegation of breach of contract in several respects; but it nowhere alleges that there was a warranty in the quality of the beer which the cooker should produce, or that there was a breach of warranty in this respect. Consequently there was no issue raised which required a determination by the jury. Chambers v. Lancaster, 3 App. Div. 215, 38 N. Y. Supp. 253. The answer is also silent respecting any defect in the boiler, and the evidence offered to establish such defect was properly excluded, for the reason that no such issue was present to be tried. Linton v. Fire-Works Co., 124 N. Y. 533, 27 N. E. 406. In all other respects it was not controverted but that the cooker complied with the contract. There was, therefore, no controverted question of fact to be decided, and the court was clearly right in directing the verdict which it did. The judgment should be affirmed, with costs.

RANKEN, Respondent, v. JANES, Appellant. (Supreme Court, Appellate Division, Second Department. November 20, 1896.) Action by Jesse B. Ranken against William H. Janes. Benjamin F. Tracy, for appellant. Abram H. Dailey, for respondent.

PER CURIAM. We think that the learned trial judge misapprehended the effect of our decision in Matter of Janes, 87 Hun, 57, 33 N. Y. Supp. 968, and the opinion there delivered. That was an application by the present appellant to revoke the probate of certain provisions of the will of Eckford Webb in favor of the present respondent, on the ground they were procured by fraud. The surrogate, at the close of the appli-