(6 App. Div. 1.)

### WILES et al. v. PROVOST et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1896.)

1. SALE—SUBSTANTIAL PERFORMANCE OF CONTRACT.

The rule as to the right of recovery on a contract which has been substantially performed does not apply to executory contracts for the sale, or manufacture and sale, of goods.

**2. SAME—ACCEPTANCE OF GOODS.**

In an action for the price of machinery manufactured and set up by plaintiffs for defendants, it appeared that, after the machinery was started, defendants complained that it did not work right. Plaintiffs sent a man, who made some repairs. Afterwards defendants continued to use the machinery in their business, and, though they continued to complain of its deficiencies, they never returned, or offered to return, it. *Held,* that defendant thereby accepted the machinery.

**3. APPEAL—PRESUMPTION IN FAVOR OF JUDGMENT.**

A judgment for the price of goods sold will not be reversed because the referee did not specifically find an acceptance by defendant, where the evidence shows conclusively that there was no acceptance, as in such case the court will presume a finding to sustain the judgment.

Appeal from judgment on report of referee.

Action by Alfred M. Wiles and another against Andrew J. Provost and others to recover damages for breach of contract. There was a judgment in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Jesse Johnson, for appellants.

Edward Wells and Edward Wells, Jr., for respondents.

BROWN, P. J. This action was brought to recover upon a contract whereby the plaintiffs agreed to manufacture for the defendants, and put up on their brickyard at Fresh Pond, Long Island, a steam engine, three brick-making machines, two tempering wheels, including shafts, belts, pulleys, and other machinery necessary upon a brickyard. The various articles specified in the contract were manufactured, and delivered and put up on the brickyard, in the month of July, 1873, and thereafter were put in use by the defendants in the manufacture of brick. The contract specified $3,200 as the price for the engine, of which $1,000 was to be allowed for an old engine then upon the yard. A price was also specified for each brick-making machine, and for each tempering wheel, with the necessary shafting and gearing. It further specified that all necessary bolts and braces were to be paid for at the rate of 10 cents per pound, and all extra shafting, spur gear, and iron pulleys at the rate of 8 cents per pound. The defendants were to pay for the labor and expenses of the men furnished by the plaintiffs while engaged in putting up the machinery at the yard, and it was agreed that the work should be completed as near the 1st day of May, 1873, as was possible, with due care to its construction.

Upon the facts of this case, we deem it sufficient to say that the referee's findings of fact have support in the testimony, and we find no reason to disagree with the conclusions which he reached. The charge that the contract was procured or induced by fraud, and that it was fraudulently altered after execution, was not sustained by the proof.

Exception was taken to the amount allowed by the referee for labor. The stipulation of the contract in that respect was that defendants were to pay $3.50 per day for millwrights and machinists, and $2.50 for helpers, together with their board and traveling expenses,

and that the plaintiffs were to furnish as many men at those prices as the defendants required. The objection made is that the referee charged the defendants with the wages of men on days when they went to or returned from the yard, and also for days coming and going on visits. There is nothing in the case to support this objection. The referee found, upon the defendants' request, that the plaintiffs charged for such days; but he was not asked to find whether or not he allowed such charges. The amount stated in the schedule annexed to the report as allowed for labor is less by a considerable sum that the amount claimed in the bill of particulars, and the inference to be drawn from the facts as they appear in the record is that the objectionable charges were not allowed.

The main objection urged by the appellants, and the only one we deem it necessary to discuss, is that the testimony showed, and the referee found, that the contract was not substantially performed. The referee found, as a fact, that the steam engine furnished under the contract was not, in all its parts, constructed and put up in a workmanlike manner, by reason of which its value was diminished to the amount of $1,000, which sum he deducted from the amount that otherwise would have been due on the contract. At the request of the defendants he further found that the engine was not such an article as the contract called for, that it was not merchantable, that it was not worth over $1,200, and that the defects existing in it were the result of a want of skill and care in its construction. If the plaintiffs' right to recover upon the contract depended upon the doctrine of substantial performance, the judgment could not, I think, be sustained upon these findings; but we are of the opinion that that rule has no application to the case before us.

The general rule applicable to the right to recover upon all contracts is that, where performance is the condition of payment, the former must be shown, to entitle a party to recover, unless it has been waived or released. Smith v. Brady, 17 N. Y. 173. This rule has been modified as to building contracts, so as to permit recovery by the builder where he has substantially performed his agreement, although defects may be shown to exist by reason of inadvertence or unintentional omission. The reason for the relaxation of this rule in building contracts was stated by Judge Church, in Glacius v. Black, 50 N. Y. 145, to rest upon the fact that that class of contracts embraced many particulars which it was difficult, if not impracticable, to comply with, with entire exactness. But the rule of substantial performance has no application to executory contracts for the sale, or manufacture and sale, of personal property. In such cases, the right to refuse payment, or to recover damages, on the ground that the article furnished does not correspond with the contract, does not survive the acceptance of the property by the vendee. Reed v. Randall, 29 N. Y. 358; Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Chambers v. Lancaster (App. Div., 2d Dept., not yet officially reported) 38 N. Y. Supp. 253.

The vendee is entitled to a reasonable time for examination; but, if he intends to reject the article furnished, as not in compliance with the contract, he must not, after such examination, and after

discovering its true condition, do anything inconsistent with the vendor's ownership. Brown v. Foster, supra, was a case arising out of a contract for the sale of an engine, boiler, and sawmill; and, in relation to the acceptance of the articles, its facts were not unlike the case under consideration. It was there said that the vendee was entitled to a reasonable time for examination,—"long enough to put the machinery in motion, and see it operate; and he might, for that purpose, do with it whatever was necessary." But, because the vendee in that case used the machinery in the prosecution of his business, and, although complaining, and knowing its defects, did not intermit its use, the court held there was an un-equivocal act of acceptance. Chambers v. Lancaster, supra, arose out of a contract for the erection and completion of a stone-crushing plant. The company used the crushers for five months; but, although it was said, in the opinion, that the testimony showed such a deviation from the contract that the company might have re-jected the crushers, the court held that the use of the machines after knowledge of the defects was a conclusive election to accept them.

In this case, it appears that, after the engine and machinery were started, the defendants complained to the plaintiffs that the engine did not work right. The plaintiffs thereupon sent one of their em-ployés to the yard, and some repairs were made upon it. Thereafter the defendants continued to use it in the prosecution of their busi-ness, and, although continuing to make complaint as to its deficien-cies, they never returned, or offered to return, it or any other part of the machinery. These facts establish conclusively an accept-ance of the articles specified in the contract. The referee did not specifically find an acceptance by the defendants; and it is objected that the judgment cannot, in the absence of such a finding, be sus-tained upon that theory. The testimony which I have referred to, however, can lead to no other conclusion; and, as it is undisputed that the defendants retained and used in the business the engine and all the machinery delivered, the court may presume a finding of acceptance for the purpose of sustaining the judgment.

If the referee, in deciding the case, applied to it the rule of sub-stantial performance, the defendants have no cause to complain. They have received, in the allowance of $1,000 made to them for de-fects in the engine, the benefit of a ruling more favorable to them than they would have been entitled to under the application to the case of a more correct rule of law.

There is no other question which requires notice. The judgment must be affirmed, with costs. All concur.