(24 Misc. Rep. 708.)

KIENLE v. KLINGMAN.

(Supreme Court, Appellate Term. October 5, 1898.)

SALES—ACCEPTANCE—WHAT CONSTITUTES.
　　Where the purchaser of shades sold the houses in which they had been placed, and transferred them with the houses, it was an acceptance of the shades, notwithstanding he had notified the seller to replace them with others of the quality contracted for.

Appeal from First district court.

Action by Edward F. Kienle against Frederick Klingman. There was a judgment for defendant, and plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Henry W. Eaton, for appellant.
Paul Hellinger, for respondent.

BEEKMAN, P. J. The evidence is abundant that the roller shades sold by plaintiff's assignor to the defendant did not come up to the

contract standard. It also appears that when they were examined by the defendant after their delivery he objected to them on that ground, and called upon the plaintiff to replace them with shades of the character and quality contracted for. The position taken by counsel for the defendant is that while it is true that the shades continued in the defendant's possession, and were never actually returned to plaintiff's assignor, they still remained the property of the latter, subject to his order, and the performance by him of his promise to replace them as above stated. Had the defendant persisted in this attitude, he would have continued secure in his position of resistance to the demand made upon him for the contract price; but he did not do so, for it is conceded that he subsequently sold the houses in which the shades had been placed, and specifically agreed to and did sell and transfer the articles in question to the purchaser. This constituted an abandonment of his former position, and was an acceptance of the shades, which thereupon established his liability for the contract price. Wiles v. Provost, 6 App. Div. 1, 39 N. Y. Supp. 461. The court below therefore erred in dismissing the complaint, and the judgment should be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

