(26 Misc. Rep. 770.)

### TURL et al. v. KNABE.

(Supreme Court, Appellate Term.    March 24, 1899.)

SALES—ACCEPTANCE.
    The continued use of a tank, with knowledge of its defectiveness, for nearly eight months after its purchase, coupled with the refusal to permit the seller to remedy it, constitutes an acceptance, so as to render the buyer liable for the price.

Appeal from municipal court, borough of Manhattan, First district.

Action by Joseph H. Turl and another against William Knabe. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

William W. Niles, Jr., for appellants.

Alex. Thain, for respondent.

LEVENTRITT, J. This action was brought to recover the balance of the agreed price of a tank which the plaintiffs contracted to build for the defendant. The defense was that the tank was defective. It appears from the evidence that it was manufactured and delivered in the month of March, 1898, and that upon its immediate use the defendant discovered that it leaked. Upon notice, the plaintiffs promptly offered to repair the defect. The defendant, however, refused, as he admits, to allow the plaintiffs to interfere with the tank or remedy the fault, for the reason that it would involve an interruption of his business, entailing a loss far in excess of any that might result through the leakage. The tank was in constant use from the time of delivery to the day of trial, in November, 1898. At no time during that period of eight months did the defendant renew his complaint or permit repair. Under these circumstances, we must hold that the defendant accepted the tank, and he cannot, at this late date, interpose as a defense the existence of a defect discovered when he began its use. Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Chambers v. Lancaster, 3 App. Div. 215, 38 N. Y. Supp. 253; Ellison v. Creed, 34 App. Div. 15, 53 N. Y. Supp. 1054; Cassidy v. Le Fevre, 45 N. Y. 562; Logan v. Apartment House, 3 Misc. Rep. 296, 22 N. Y. Supp. 776. In Brown v. Foster, the court, speaking of certain defective machinery supplied for a sawmill, say:

"He used the machinery in the prosecution of his business, and, although complaining, did not intermit its use. Knowing its defects, he continued to run it. * * * The continued use of the machine in the promotion of his own business interests, with knowledge of its imperfections, was an unequivocal act of acceptance, which no words of his own could qualify."

In Chambers v. Lancaster, supra, it is said:

"After the machines had repeatedly broken down in vital parts, and the inadequacy of the machines to perform the specified work had become apparent, the defendant still continued to use them. This operated as an acceptance."

So, in the case at bar, the continued use of the tank, with knowledge of its defect, coupled with the refusal to permit the plaintiffs to remedy it, constituted an acceptance, and rendered the defendant liable for the purchase price. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.