JOHN BUTLER, Respondent, *v.* BENJAMIN C. BUTLER, Appellant.

Plaintiff contracted to furnish and put up on defendant's premises at L, a completed machine of a specified kind, "all ready to make gas." Defendant agreed to pay freight on the machine from New York, to furnish tank and house, and to pay $1,500 "when the works are on that ground." Plaintiff shipped the castings and materials for the machine, which defendant received and paid freight thereon, but did not permit plaintiff to put up the machine. *Held,* that an action to recover the contract price was not maintainable ; that as the contract was entire and had not been performed, and as the contract price was not divisible, no recovery could be had for any portion of it.

*It seems,* that plaintiff's remedy in such a case is an action to recover damages for a breach of the contract.

(Argued May 26, 1879 ; decided June 3, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*George W. Miller*, for appellant. Plaintiff could not recover, because there was no delivery. (*Ward* v. *Shaw*, 7 Wend., 407; *Tompkins* v. *Dudley*, 25 N. Y., 272; *Hatter-*

*line* v. *Rice*, 62 Barb., 593; *Tripp* v. *Armitage*, 14 M. & W., 687; *Johnson* v. *Hunt*, 11 Wend., 136; *Andrews* v. *Durant*, 11 N. Y., 35; *Merrell* v. *Johnson*, 7 J. R., 473; *Gregory* v. *Stryker*, 2 Denio, 628; *De Peyster* v. *Pulver*, 3 Barb., 284; *Starbird* v. *Barrows*, 38 N. Y., 230, 237; *Cross* v. *Beards*, 26 id., 88.)

*Samuel Hand*, for respondent.

DANFORTH, J.  The plaintiff submitted a proposition in writing to the defendant and it was in like manner accepted. By it the plaintiff said : "I propose to furnish you, for your hotel in Luzerne, N. Y., one of Butler's Gas Generators and Holders.  *  *  *  The holder to be of sufficient capacity to contain fifteen hundred cubic feet of gas.  To furnish all pipes to connect the generator with the holder, and the holder with the main pipe leading to the hotel ; all weights and chains, sheaves and pulleys to support and balance the holder.  All labor for putting up and setting the retorts, and hanging the holder, and connecting the pipes as before mentioned, and a sufficient air mixing meter, for the sum of fifteen hundred dollars.  You (the defendant) are to furnish the tank and house for holder and generator and gallows frame for support of holder, to pay the freight on the machine from New York, and board one mechanic while putting up and connecting as above, exclusive of the cost of the machine and furnish one man to help rivet the gas-meter. I guarantee  *  *  *  that the machine shall be put up in the best and most workmanlike manner and all ready to make gas by June seventh, if your part of the work does not delay us.  Payments to be $500 cash when the works are on that ground, $500 in one bond, due September 25, 1872, and $500 in one bond, due September 25, 1873, with interest."

The plaintiff in his complaint alleges that he " delivered the gas-works to the defendant at Luzerne in accordance with the contract ; " avers a constant readiness on his part

"to set the same up and make the connections in accordance with the agreement," but says, "the defendant has never permitted him to do so," and for breach, that the defendant "except to pay freight charges on said gas-works, has wholly failed to perform the agreement on his part and has not paid the sum of $1,500, and for that sum, with interest, he demands judgment."

Upon the trial the referee found in accordance with the complaint, and among other things, "that the plaintiff delivered the gas-works to the defendant at Luzerne, that the extra expense which the plaintiff would have incurred to set the same up and make the connections is one hundred dollars," and, deducting that from the contract price finds, that the plaintiff is entitled to recover the balance and directs judgment therefor with interest from the 1st of July, 1871. The defendant excepted to these findings, and the exceptions, I think, are well taken. The contract is single and entire. If performed by the plaintiff he would be entitled to recover the full sum of $1,500, part in cash, part in bonds. He was not to furnish materials and perform labor upon them for the defendant, but from his own materials and by his own labor furnish to the defendant properly affixed to his premises, a completed machine of a particular kind "all ready to make gas."

It is not pretended that this has been done; on the contrary, the defendant has not permitted him to do it,— and as the contract price is not devisible, there is no ground on which a recovery can be had for any part of it. (_Inchbald_ v. _The Western, etc._, 17 C. B. [N. S.], 733 ; _Blanch_ v. _Cocheran_, 8 Bing., 14.) Nor is it in any sense true that the gas-works have been delivered to the defendant. Certain materials, among others, sheet and other kinds of iron ; in bundles and rolls ; castings, grates, rings, retort covers, and "one machine bottom," which, when properly arranged and joined together may compose a machine ; where delivered by the plaintiff to a common carrier, who received them at "owner's risk." They were marked B. C. B., or B. C. B. for B. C. Butler, Luzerne, N. Y., and the defendant paid the freight upon

them.    Even these things did not thereby become his prop-
erty ;  the freight was paid in execution of the contract, but
the goods remained the goods of the plaintiff.    If lost during
transportation, or if destroyed after reaching the place of
destination, the plaintiff would have to bear the loss.    He
could change their destination and make such use of them
as he saw fit.    His creditors could take them in execution
(*Atkinson* v. *Bell*, 8 B. & C., 277), for the defendant was
to have, not these articles, as separate parts or members
from which by the application of skill and labor a machine
could be constructed, but a complete thing, placed upon his
own premises, of the required capacity and ready for use ;
and until that was furnished the property in these chattels
did not pass from the plaintiff.    (*Atkinson* v. *Bell*, 8 B. &
C., 277;  *Johnson* v. *Hunt*, 11 Wend., 137;  *Tripp* v. *Armi-
tage*, 4 Mees. & Wels., 698,  *Andrews* v. *Dieterich*, 14 Wend.,
35;  *Andrews* v. *Durant*, 11 N. Y., 35;  *Ward* v. *Shaw*, 7
Wend., 404;  *Decker* v. *Furniss*, 14 N. Y., 611;  *Clark* v.
*Balmer*, 11 Mees. & Wels., 243.)    Doubtless the plaintiff
may in this, as in other cases where the performance of a
contract has been prevented by the act or omission of the
other party, recover what he has lost thereby, if anything,
or the damages sustained, if any.    (*Hosmer* v. *Wilson*, 7
Mich., 294.)    Such a case, however, was not presented to
the referee, nor was it suggested by the pleadings.    The
plaintiff neither claimed nor proved damages arising from
the breach of the contract, nor from being prevented from
performing it.    On the contrary the cause of action was
treated by the plaintiff and referee and by the court below
as one where property bargained for had been delivered and
title vested in the purchaser, and for which therefore, the
plaintiff within well settled rules of law, might maintain the
action and recover the purchase-price.    And such is the con-
tention of the learned counsel for the respondent upon this
appeal.    There is, however, nothing in the evidence to war-
rant that view of the case, or permit the application of such
rule of law.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.