## EMPIRE STEAM PUMP COMPANY, RESPONDENT, *v.* HORACE INMAN, APPELLANT.

*Pump, purchased subject to trial — what period of retention of it will justify a presumption of an acceptance.*

In an action brought to recover the value of a steam pump, it appeared that it had been purchased by the defendant from the plaintiff under a written contract providing that defendant was to put up the said pump and to give it a trial of thirty days, and if said pump did not work satisfactorily to the defendant he was to return the same to the plaintiff at the end of said thirty days' trial · . at the expense of the plaintiff, otherwise defendant was to keep said pump and

to pay therefor the sum of $140, that the pump had been in the possession of the defendant since November, 1886, and that from about January 1, 1887, to April, 1888, the defendant continued to use the said pump at intervals, although complaining to the plaintiff from time to time of its failure to work properly, and asking and receiving instructions from plaintiff how to remedy the defect complained of.

*Held,* that the facts justify a holding, as a matter of law, that the defendant had accepted the pump, and that he was liable for the contract-price thereof.

APPEAL by the defendant Horace Inman from a judgment of the Supreme Court, entered in the office of the clerk of the county of Jefferson on the 13th day of January, 1890, after a trial before a referee, who decided, as a matter of law, that the acts of the defendant in retaining and using the pump, to recover the purchase-price of which the action was brought, for the time and in the manner found by the referee, amounted to an acceptance of the same by him, and that the plaintiff was entitled to recover the contract-price thereof.

*Peter J. Lewis,* for the appellant.

*Kilby & Kellogg,* for the respondent.

HARDIN, P. J.:

Plaintiff delivered to the defendant one No. 2 steam pump, which it had agreed to sell to the defendant for the sum of $140. The referee finds, as a matter of fact, " that the delivery of said steam pump to the defendant was made in pursuance of an agreement in writing, entered into between the plaintiff and the defendant, on or about the 13th day of October, 1886, whereby the plaintiff agreed to sell and deliver to the defendant, at the said city of Amsterdam, the pump aforesaid, for the sum of $140 ; that defendant was to put up the said pump and give it a trial of thirty days, and if said pump did not work entirely satisfactory to the defendant, he was to return the same to the plaintiff at the end of said thirty days' trial, at the expense of the plaintiff, otherwise defendant was to keep said pump and pay therefor the sum of $140." While we find in the appeal-book a contrariety of evidence in respect to the facts stated in the finding, which we have quoted, we think the evidence warranted the referee in making such finding, and that the same is neither contrary to evidence nor against the weight of evidence.

The referee further found, as a matter of fact, viz.: "That since about November 23, 1886, the said pump has been, and remained, in the possession of the defendant, at Amsterdam aforesaid, and from about January 1, 1887, to about the month of April, 1888, the defendant continued to use the said pump at intervals, although complaining to plaintiff from time to time of its failure to work properly, and asking and receiving instructions from plaintiff how to remedy the defect complained of." There is evidence to support the finding which we have just quoted. The referee further found, viz.: "That at the time of the delivery of said pump to the defendant it was in perfect condition as a suction pump." The referee found, as a conclusion of law, "that the acts of the defendant in retaining and using the said pump, from the time and in the manner aforesaid, amounted to an acceptance of the same by him." Defendant has taken an exception to this conclusion of law, and his learned counsel insists to us that it presents error. We think otherwise. We think, upon the evidence found in the appeal-book, and upon the findings of fact made by the referee, he was justified in holding, as a matter of law, that the defendant had accepted the pump and became liable for the contract-price.

In *Brown* v. *Foster* (108 N. Y., 387), in a case somewhat similar to the one before us, it was held: "While the vendee is entitled to a reasonable time for examination, long enough to put the machinery in motion and see it operate, if he seeks to reject it as as not in accordance with the contract of sale, he must do nothing, after discovering its true condition, inconsistent with the vendor's ownership. The intent of the vendee in using the property after discovery of defects may be gathered from his acts as well as his words, and a statement of a refusal to accept does not, as matter of law, show non-acceptance or prevent the acts from being taken as substantial proof of an acceptance, not for examination, but for use." It seems from the evidence in the appeal-book that the defendant was to have thirty days to try the pump and ascertain its qualities and capacity and usefulness, and during that period make such tests as would enable him to either decline to become the purchaser thereof or to accept the same in pursuance of the order he had made for the pump. He did not reject it in the thirty days contemplated by the terms under which he received the same.

He continued in the use of the same long after the expiration of the thirty days. His use of the pump and acts in relation thereto amounted to an acceptance of the same. The referee found, as a matter of fact, that the defendant, " from about January 1, 1887, to about the month of April, 1888, continued to use the pump at intervals." It appears by the evidence that the defendant used the pump for a considerable length of time under conditions not known to plaintiff or stipulated for by them in the communications that he had with the plaintiff in respect to the pump. The defendant's offer to return the pump in October, 1888, was quite late. He had by his use of the pump allowed the same to become rusty and otherwise impaired, and it was not in his power then to return the same in as good a condition as when he took it.

We think no prejudicial error was committed by the referee in disallowing the question put to the defendant as to whether or no the pump worked satisfactory to the defendant " when connected with the street water-main or when connected with the tank or reservoir." The period in which the test was to have been made had expired, and, besides, the pump was not sold by the plaintiff or represented to be capable of working under pressure from the city water-mains. There are several other exceptions to rulings made by the referee and the refusals to find, which we have looked at, but in the view we have taken of the case, we do not deem them of such a nature as to warrant us in saying that the rulings and refusals of the referee were prejudicial to the appellant. We are of the opinion that the conclusion of the referee should be sustained.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.