### INTERNATIONAL TILE & TRIM CO. *v.* AHLERS.

*(Supreme Court, General Term, Second Department. May 9, 1892.)*

1. SALE BY SAMPLE—PERFORMANCE OF CONTRACT.

Defendant purchased, from sample in plaintiff's showrooms, mantels and fireplaces, the whole value of which consisted in the beauty and elegance they were expected to add to the rooms in which they were to be placed. The goods furnished did not correspond to sample, but were so imperfect as to amount to disfigurement. *Held,* that there was a failure to perform the contract.

2. SAME—RETURN BY PURCHASER.

In such a case, the purchaser is not required to take the mantels out and return them, but the seller, if he abandons the attempt to fulfill his contract, and wishes to recover the mantels, must remove them, and restore the rooms where placed to their original condition.

Appeal from judgment on report of referee.

Action by the International Tile & Trim Company against Henry Ahlers for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. M. Benedict,* for appellant. *T. J. & R. F. Tilney,* (*Horace Graves,* of counsel,) for respondent.

PRATT, J. The mantels and fireplaces contracted for were for ornament, not use. Their whole value was to be in the beauty and elegance they were expected to add to the rooms in which they were to be placed. The orders were given from samples on exhibition in plaintiff's showroom, and were to be executed according to the sample. The performance was not according to the sample, and was so imperfect that instead of being ornamental it was a disfigurement; and, as the only value of the mantels and fireplaces was in the expected ornamentation, no benefit was conferred on defendant. There was some effort made to show that defendant had accepted the work, but we think nothing that could relieve plaintiff from the result of its breach of contract. The mantels were in place, and it is not reasonable to require that defendant should take them out and return them to the plaintiff. On the contrary, if plaintiff abandons the attempt to fulfill its contract, and wishes to recover the mantels, it should assume the burden of taking them away, and restoring the rooms to their original condition. Judgment reversed on the facts. New trial ordered at circuit, costs to abide event. All concur.