Francis X. Hooper and Others, Respondents, *v.* John T. Story and Others, Appellants.

*Executory contract for sale of personal property — liability of vendor for breach of warranty — damages must be proved.*

When a contract for the sale and delivery of a machine is executory, the remedy of the vendee, where the article does not comply with the provisions of the contract of sale, is to refuse to accept it; if he retains the property, after having an opportunity to examine and ascertain its quality or character, he cannot maintain an action for damages. But the remedy of the purchaser is not thus qualified and limited when the seller has, by his undertaking col-

lateral to the contract of sale, expressly warranted the quality of the article; then the liability of the vendor for damages for breach of warranty survives its acceptance by the vendee.

Where, on the trial of an action brought to recover the purchase price agreed to be paid for certain personal property, the warranty and the breach thereof appeared, but it did not appear that any damages were sustained as a consequence of such purchase, judgment in favor of the plaintiff for the amount of the purchase price agreed upon is proper and will not be disturbed upon appeal.

APPEAL by the defendants, John T. Story and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 13th day of March, 1893, upon the report of a referee.

The action was brought to recover the purchase price of a varnishing machine sold and delivered by the plaintiffs to the defendants.

By their answer the defendants allege that the plaintiffs agreed to make and deliver to the defendants an extra large size varnishing machine, and then represented, agreed and warranted that the machine should be of a capacity sufficient to varnish 10,000 sheets of labels or advertisements per day, and that it should be so adjusted that it would operate perfectly with another machine called the dryer, and that there was a breach of the plaintiffs' undertaking in that the machine made and delivered by them to the defendants had not such capacity and was not so adjusted, in consequence of which the defendants sustained damages.

The referee directed judgment for the plaintiffs for the full amount of the purchase price of the machine.

*W. H. Whiting,* for the appellants.

*L. M. Cummings,* for the respondents.

BRADLEY, J.:

None of the evidence is here. The questions arise upon the exceptions to the conclusions of law of the referee, and those conclusions are dependent for support upon the facts as found by him. The referee found that the plaintiffs agreed to make and deliver to the defendant an extra large varnishing machine, to connect with a certain dryer, at a certain price, and represented, agreed and warranted that it should be of capacity sufficient to properly varnish 10,000 sheets of labels or advertisements per day; be complete in

all its parts; that the machine delivered to the defendants was not complete in all its parts, was not made in a workmanlike manner, and that it was not of a capacity sufficient to varnish 10,000 sheets of labels or advertisements per day. And as one of his conclusions of law the referee found and determined " that defendants, by retaining possession of the machine, using the same, and deriving profit therefrom, with knowledge of its imperfections and incapacity, as well as making repairs and alterations thereon, accepted the machine and became liable to pay therefor."

To this conclusion the defendants excepted.

The contract for the sale and delivery of the machine was executory. In such case the remedy of the vendee, if the property does not correspond with that which by the contract of sale the vendor undertook to deliver, is to refuse to accept it, and if he retain the property after having opportunity to examine and ascertain its quality or character, he cannot maintain action for damages. (*Reed* v. *Randall*, 29 N. Y. 358; *Brown* v. *Foster*, 108 id. 387; *Studer* v. *Bleistein*, 115 id. 316.) But the remedy of the purchaser is not thus qualified and limited when the seller has by his undertaking, collateral to the contract of sale, expressly warranted the quality of the property; then the liability of the vendor for damages for breach of the warranty survives acceptance of it by the vendee. (*Day* v. *Pool*, 63 Barb. 506; 52 N. Y. 416; *Parks* v. *Morris Ax & T. Co.*, 54 id. 586; *Fairbank Canning Co.* v. *Metzger*, 118 id. 260.)

In the present case the referee has found an express warranty of the capacity of the machine, and of its fitness for use with the dryer so called, and a breach of the warranty. This undertaking of the plaintiff did not include visible defects within its operation for the purposes of a remedy for damages. (*Studer* v. *Bleistein*, 115 N. Y. 316.) It may be that the difficulty in the adjustment of the machine for the purpose of its operation with the dryer in use by the defendants was discernible, and not covered by the warranty. It, however, is not found that it was so. It must here be assumed upon the findings of fact as to the character of the machine that it was otherwise, and that the defendants were entitled to be allowed, by way of counterclaim, damages equal to the difference in value of the machine as it was, and the value which it would have had if in accordance with the warranty. No other basis of estimating dam-

ages appears by the facts as found. The referee, as a further conclusion of law, found that the defendants failed to show any legal claim for damages. There is no finding upon the subject of the value of the machine. The defendants did, however, ask the referee to determine that they were entitled to a specific amount for money paid by them for repairs of the machine and the sum paid out for work spoiled.

There was no error in the refusal of the referee to do so. While he found that the defendants had paid out certain sums for repairs of the machine and for work spoiled, he did not find that those expenses, or any part of them, were occasioned by any defect in the machine for which the plaintiffs were chargeable upon their warranty, and he declined to find that the work was spoiled by reason of the imperfect construction of the machine. He also refused to find, as requested, that the defendants' profits would have been greater if it had been as warranted.

While, therefore, a warranty and its breach appear, it does not appear by the facts, as found by the referee, that any damages were suffered as a consequence. And as this review is founded solely upon the findings of the referee, there is no opportunity for inferences other than such as necessarily arise from the facts as found by him.

The judgment must, therefore, be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed.