### FISHER v. GOODRICH.

(Supreme Court, Appellate Division, Second Department. May 1, 1901.)

WINDMILLS—CONTRACT FOR ERECTION—REJECTION—MATERIAL DEFECT—OFFER TO MAKE GOOD—NOTICE TO REMOVE.

    Where a contract called for a completed windmill, work and material guarantied first-class, and after construction the mill was rejected because the tower was too slight to support the tank, and the builder was notified to remove it, despite his offer to put up another tower, an instruction in a suit on the contract that if the contract was substantially performed, except as to those matters which plaintiff offered to make good, and he was unreasonably prevented from making it good, he was entitled to recover, was error, since, the defect being material, defendant had the right to terminate the contract and require removal of the mill, without regard to plaintiff's offer.

Appeal from trial term, Suffolk county.

Action by Samuel A. Fisher against L. Adelaide Rendell Goodrich. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Judgment reversed. New trial granted.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Timothy M. Griffing, for appellant.
Joseph Wood, for respondent.

SEWELL, J. On June 16, 1898, the plaintiff made the following proposition in writing to the defendant:

                       "Sayville, June 16/98.

"I will furnish all material and labour to compleat the wind mill as we decided on

"tower 60 ft high 10 ft wheal 1000 gal Sypres tank elevated in tower bottom of tank 27 feet from ground do all digging and fill up the ditch and brick up pump pit

"pump 3 in brass lined force pump laying in garden to House 11/4 galv pipe with three Hydrents the One in front yard a cast iron Hydrent laying 3/4 galv pipe in garden north of mill and in front yard with Hydrent in garden at the north and 1 facett in tower

"I will guarantee work and all material to be first class and will compleat the job as we talked it over for 327 60/100

"I will do the job at once or as quick as I can get the material on the ground

       "yours Respt                    S. A. Fisher."

At the same time, and as a part of said offer, the plaintiff gave to the defendant an itemized bill or statement of the amounts to be paid by her for the wheel, tower, tank, pump, pipe, valves, and other parts of said mill, amounting in the aggregate, including $33.50 for labor in assembling the parts and erecting the mill, to the sum of $327.60. The defendant accepted the proposition, and the plaintiff testified that he ordered the mill or material on June 20th, commenced the erection of the mill on July 12th, and completed it the 23d. It ap-

pears that the clerk or manufacturer who shipped the mill to the plaintiff made a mistake, and sent a tower not sufficiently strong to support the tank; that the defendant refused to accept the mill; that August 23d plaintiff commenced taking it down for the purpose of removing it, and on the day following the defendant served on the plaintiff the following notice:

"Mr. S. A. Fisher—Dear Sir: I wish you to remove everything you have put on the place, and consider the contract broken and ended.

    "Respect.                       L. A. Rendell Goodrich."

The plaintiff, in his complaint, alleges that he furnished the pump, tank, tower, and other material, and erected the windmill upon the premises of the defendant, complete and in working order, and that defendant has refused to pay for the same.

The contract is single and entire. It is for the sale and delivery of a windmill, and if it had been performed the plaintiff would be entitled to recover the full sum of $327.60. He was not to furnish material and perform labor upon it for the defendant, but from his own material and by his own labor he was to furnish and affix the windmill to the defendant's premises. As was said in Butler v. Butler, 77 N. Y. 475:

"The defendant was to have, not these articles, as separate parts or members from which by the application of skill and labor a machine could be constructed, but a complete thing, placed upon his own premises, of the required capacity and ready for use."

It is not pretended that this has been done. The plaintiff testified that the parts "were not adapted to the purpose for which they were intended. * * * I saw that, if it was used as it was intended to be used after it was put up, that it was not safe. And I saw that it would be necessary for it to come down." The evidence in this case does not permit an inference that the defendant accepted the mill. She was entitled to a reasonable time for examination,—long enough to put the machinery in motion and see it operate. Brown v. Foster, 108 N. Y. 387, 15 N. E. 608. And that she did immediately thereafter reject it as not in accordance with the contract appears by the written notice served upon the plaintiff, and his action in taking it down. The plaintiff was bound to deliver, and could perform the contract only by delivering, the mill as specified in the contract, "work and material of the first class, all complete and ready for use." The contract imposed upon the defendant no obligation to pay any part of the contract price until the mill was substantially completed according to its terms. That was a condition precedent which the plaintiff was bound not only to aver, but to prove; and as that was not done, and the contract price was not divisible, the plaintiff was not entitled to recover any part of it. It is well settled in this state that under an entire contract there is no right of action, and can be no recovery, until the whole quantity contracted for is delivered. Silberman v. Fretz, 16 Misc. Rep. 449, 38 N. Y. Supp. 151; Nightingale v. Eiseman, 121 N. Y. 288, 24 N. E. 475.

The case was submitted to the jury upon the theory that the plaintiff was entitled to recover the contract price if he was willing to make good the deficiency. The court charged the jury that it was

conceded that the contract had not been substantially performed, and also said:

"If you find that the contract was substantially performed, with the exception of these matters which the plaintiff offered to make good, and that he is unreasonably prevented from making it good, he is entitled to recover."

This proposition cannot be sustained. The defect being of a material character, the defendant had the right to terminate the contract, and to require the plaintiff to remove the mill, as not conforming to it, without regard to the intention of the plaintiff. Feinberg v. Weiher (Com. Pl.) 19 N. Y. Supp. 215; Brown v. Foster, 108 N. Y. 387, 15 N. E. 608; Glacius v. Black, 50 N. Y. 145; Smith v. Brady, 17 N. Y. 173; Pullman v. Corning, 9 N. Y. 93. If, however, the defendant agreed or assented to the substitution of a new tower, and the plaintiff procured one which would have been efficient and satisfactory, the act of the defendant in preventing its erection was a breach of the contract on her part which might, and probably would, entitle the plaintiff to recover his damages in an action brought for that purpose. If they could be recovered in this action, it would not avail the plaintiff, as he neither claimed nor proved damages arising from a breach of the agreement, nor from being prevented from performing it. Butler v. Butler, supra; Machine Co. v. Hutchinson, 1 App. Div. 380, 37 N. Y. Supp. 394.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.