### HARRISON v. SCOTT et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—DISMISSAL OF COMPLAINT.
   On appeal from a dismissal of the complaint, plaintiff is entitled to the most favorable view of the facts justified by the evidence.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3748; Dec. Dig. § 927.*]

2. SALES (§ 178*)—ACCEPTANCE BY BUYER.
   Acceptance where no element of estoppel intervenes is a question of intent.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 451; Dec. Dig. § 178.*]

3. SALES (§ 182*)—ACCEPTANCE—QUESTIONS FOR JURY.
   Where it is sought to infer acceptance from the manner in which the buyer has dealt with the property, the question is generally one for the jury.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 495; Dec. Dig. § 182.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. SALES (§ 445*)—WARRANTIES—ACCEPTANCE BY BUYER—QUESTION FOR JURY.
   On the sale of a printing press, a portion of the price was paid, and the seller guaranteed that the machine would work satisfactorily, agreeing that the sum paid down should be returned if it did not work properly. After the delivery of the machine, the buyer corporation borrowed money from its president, giving as security a mortgage on its property, including the press. The press had not been tested. *Held,* that the giving of the mortgage did not as a matter of law amount to an acceptance of the press.

   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1308; Dec. Dig. § 445.*]

   Houghton, J., dissenting.

Appeal from Trial Term, New York County.

Action by William Harrison against Isabella Scott and another, as executors of the estate of Walter Scott, deceased. Appeal by plaintiff from a judgment dismissing the complaint. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Ralph G. Miller, for appellant.
Charles D. Ridgway, for respondents.

SCOTT, J. Appeal by plaintiff from a judgment entered upon the dismissal of the complaint at the trial.

The Auto-Litho Company, of which plaintiff was president, purchased from defendant's testator in January, 1907, a rotary printing press, for which the vendee promised to pay $3,000 cash and $5,000 in promissory notes. The vendor, in writing, guaranteed the machine to print and register perfectly, and agreed that the $3,000 paid down should be returned to the vendee if the machine does not prove satisfactory. The machine was delivered and set up in March, 1907, but for certain reasons was not ready to be tested until August. When tested, it was found to be unsatisfactory, and was rejected by the vendee, and the vendor notified to take it away. The vendor refused to acquiesce in its rejection, and insisted that the purchase be completed. Since the plaintiff in case of a dismissal of the complaint is entitled to the most favorable view of the facts justified by the evidence, we assume that the machine failed to come up to the guaranty, that its defects justified its rejection, and that the vendor rejected it in due time. Soon after the receipt of the machine, and before it had been tested, the Auto-Litho Company, being in need of funds, borrowed money from plaintiff, its president, giving him as security therefor a chattel mortgage upon its stock and fixtures, including the machine which had been delivered by defendant's testator and which was then awaiting tests. The court below held that the giving of this chattel mortgage was the exercise of such an act of ownership over the machine as amounted as matter of law to an acceptance thereof.

It is a proposition of law, frequently stated in text-books and reported opinions, that an act done by a buyer which he would have no right to do, except as owner of the goods, is evidence that he has accepted them, and especially when he has resold them and parted with

their possession. Acceptance, however, where no element of estoppel intervenes, is a question of intent. Frequently the acts indicating acceptance are so unmistakable and unequivocal that acceptance follows as a matter of law, but, where it is sought to infer acceptance from the manner in which the vendee has dealt with the property, the question is generally one for the jury. The rule above stated applies only where the vendee has had an opportunity to test or examine the goods, and form an intent as to whether or not he will accept them, and hence a resale or a mortgage of personal property before the vendee has had an opportunity to test or examine it will not alone establish his acceptance. Benjamin on Sales (5th Ed.) p. 752; Osborne & Co. v. McQueen, 67 Wis. 392, 29 N. W. 636. In the present case the Auto-Litho Company, as the evidence tends to show, had not had an opportunity when it made the chattel mortgage to determine from actual tests whether the machine was satisfactory or not. The fact then that the Auto-Litho Company, before it had had an opportunity to test the machine, included it in a chattel mortgage of its stock and fixtures, did not conclusively, or as matter of law, establish its acceptance. At the most, it only constituted evidence bearing upon the intent of the company. When the circumstances are considered, the effect of the transaction as evidence of intent to accept is much weakened. The mortgagee was the president of the company, and is to be presumed to have known of the contract under which the machine was delivered. He knew that title to the property was not to pass to the company until the price had been fully paid; that the company had paid $3,000 which it would be entitled to recover back if the machine proved unsatisfactory, and that to that extent the company had a special property in the machine, and that the machine had not yet been tested; and that the company was as yet unable to determine whether the machine was satisfactory or not. Under these circumstances, the only effect of the chattel mortgage was to put plaintiff in the same position relative to the machine that the company was. This was not a case, when considered in the light of the surrounding circumstances, of a resale indicating the intent to accept the untried press, and, even if such an intent could be inferred, it was for the jury, and not for the court, to draw the inference.

Judgment reversed and new trial granted, with costs to appellant to abide the event.

INGRAHAM, McLAUGHLIN, and LAUGHLIN, JJ., concur.

HOUGHTON, J. (dissenting). The machine which the defendant manufactured for the plaintiff's assignor was manufactured for a special purpose, and the purchaser was entitled to a reasonable time for examination, and that reasonable time included time enough to put the machinery in motion, and see whether or not it operated properly. Brown v. Foster, 108 N. Y. 387, 15 N. E. 608. But the purchaser could waive such examination and test if it saw fit. I think the learned trial court was right in saying that the giving of the chattel mortgage by the purchaser was such an assumption of ownership as constituted an acceptance which the purchaser could not thereafter retract.

There are no fast and loose rules respecting goods purchased under an executory contract of sale. After discovery, or an opportunity to discover any defects in goods so purchased, the purchaser must promptly exercise his right to reject, or he will be conclusively presumed to have accepted. Coplay Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335. If the vendee, after delivery to himself with an opportunity to inspect, sells to another, or attempts to sell, or alters the nature of the property, he is deemed to have accepted the same, and to have waived inspection or defects. Brown v. Foster, supra. There can be nothing more inconsistent with the claim that the property had not been accepted by the buyer, and that he still retained the right to reject than for the buyer to give a chattel mortgage thereon, as the plaintiff's assignor did, specifically mentioning and describing the press which the defendant delivered to it. In my judgment it was too late after having exercised such a right of ownership to reject the machine on the ground that it did not conform to the contract and seek to rescind the contract of purchase. There was an express warranty in the defendant's agreement, and the plaintiff's assignor should be remitted to a remedy on that rather than be permitted to rescind its contract of purchase.

For these reasons, I think the judgment appealed from was right, and should be affirmed.