(89 Misc. Rep. 183)

### SMITH v. HEDGES.

(Supreme Court, Trial Term, Nassau County. February 16, 1915.)

1. BILLS AND NOTES ☞315—ASSIGNMENTS—RIGHTS OF ASSIGNEE.

The assignee of notes takes them subject to any defense or counterclaim good as against the assignor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 751, 753, 756–759, 764, 766–769, 864; Dec. Dig. ☞315.]

2. SALES ☞404—REMEDIES OF BUYER—RETURN OF PROPERTY.

Where a manufacturer of machinery, to be delivered to defendant and erected upon his land, delivered imperfect machinery, the defendant could return the property, or could notify the manufacturer to remove it at its own cost, and could hold the manufacturer for the expense of restoring his property after removal, or he could take the machinery out and store it at the manufacturer's expense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. ☞404.]

3. SALES ☞404—REMEDIES OF BUYER—ACTION FOR DAMAGES—COUNTERCLAIM.

In such case, the defendant also might keep the machinery and sue for his damages for breach of the contract or upon warranty, and on the latter ground could maintain a separate and distinct action, or, if sued by the manufacturer for the price, could counterclaim.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1146; Dec. Dig. ☞404.]

4. SALES ☞347—REMEDIES OF BUYER—FRAUD AND BREACH OF CONTRACT.

Where personal property, the subject of sale or manufacture, has been delivered and retained by the buyer after its imperfections are discovered, the buyer, in an action for the price, cannot set up a breach of contract and fraud as a separate and distinct defense.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. ☞347.]

5. CONTRACTS ☞320—PARTIAL PERFORMANCE—"BUILDING"—"REAL ESTATE."

The construction of machinery for an asphalt plant under written contract, and its delivery to the buyer and erection on his land, so that its removal would break the walls and foundations and destroy brick and cement work, did not make the machinery and plant a "building" or "real estate," within the rule that a contractor for the construction of a building cannot recover unless there has been a substantial performance, and that the owner of the real estate may keep the improvement without paying for it, if the contract therefor has not been substantially complied with.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1459, 1469, 1493–1527; Dec. Dig. ☞320.

For other definitions, see Words and Phrases, First and Second Series, Building; Real Estate.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by S. Dimon Smith against Dayton Hedges. Judgment directed for plaintiff, and defendant moves for an order setting it aside and permitting service of an amended answer. Motion denied.

See, also, 150 N. Y. Supp. 1112.

Edwards & Levy, of Freeport (Gustav Lange, Jr., of New York City, and Elvin N. Edwards, of Freeport, of counsel), for plaintiff.

John R. Vunk, of Patchogue, for defendant.

CRANE, J. [1] This action is brought upon two notes given as part consideration by the defendant for construction and erection of an asphalt plant and machinery. The plaintiff, as an assignee of the notes, took them subject to all the equities, so that any defense or counterclaim, good as against the assignor, the Pioneer Iron Works, would be good against him, at least to. the amount of the notes. Seibert v. Dunn, 70 Misc. Rep. 422, 126 N. Y. Supp. 974; Zabriskie v. Central Vermont R. R., 131 N. Y. 72, 29 N. E. 1006; Phillips v. Taylor, 49 N. Y. Super. Ct. 318.

The machinery was constructed under written contract by the plaintiff's assignor, the Pioneer Iron Works, delivered to the defendant, and erected upon his land, but turned out to be of insufficient capacity and not in accordance with the contract. This latter assertion, although disputed, will be assumed for the purposes of this motion. The defendant has kept the asphalt plant and machinery, and, although complaining of defects, never offered to return it, but, on the contrary, continued to use it.

[2, 3] The defendant, upon ascertaining that the Pioneer Iron Works had not fulfilled its contract and had delivered improper or imperfect machinery, was afforded two remedies by law. He could return the property, or he could notify the manufacturer to come and get it, removing it at its own cost from the foundations, and could hold the manufacturer for the expense of restoring his property, which might be damaged by reason of the removal, or he could rip the machinery out and store it at the manufacturer's expense. The second remedy would be to keep the machinery and sue for his damages for breach of contract or upon warranty. For this latter relief he could maintain a separate and distinct action, or, if sued by the manufacturer for the price, he could counterclaim.

In this case, as the defendant kept the asphalt plant and machinery and used it after knowing of the defects, he has but this second remedy, which he availed himself of as follows: He brought an action in the Supreme Court of Suffolk county against the Pioneer Iron Works for damages for breach of contract and for fraud, and, although his complaint in the first instance has been declared insufficient, I have permitted him to amend upon the payment of costs.

[4] The defendant was also sued in the Supreme Court, Nassau county, by the assignee of the manufacturer for the price of the asphalt plant; that is, upon notes given in consideration therefor. That suit is this present action. The answer did not set up a counterclaim, as it might have done, for the reason that a separate action was brought, as above stated, for the causes which would have constituted the counterclaim. An attempt was made, however, in the an-

swer in this suit upon the notes, to·set up a breach of contract and fraud as a separate and distinct defense, but not as a counterclaim.

There can be no such defense, where personal property is the subject of the sale or manufacture, and has been kept and retained by the vendee after its imperfections or insufficiency has been discovered, unless, of course, it perished in the using. On the trial before me and a jury, after proof of the assignment, there was left, for the reasons just given, no defense to the notes, and judgment was thereupon directed for the plaintiff for the full amount, which judgment has been entered.

[5] The counsel for the defendant apparently appreciated that the law as above stated is correct, and now seek to avoid the consequences thereof by claiming the asphalt plant to be a building and real estate, so as to come within the ruling of Smith v. Brady, 17 N. Y. 173, 72 Am. Dec. 442. This has established the law as to buildings that a contractor for the construction of buildings cannot recover, unless there has been a substantial performance, and that the owner of the real estate may keep the improvements without paying for them, if the contract therefor has not been substantially complied with.

This motion has therefore been made for an order setting aside the judgment directed by the court and permitting the service of an amended answer, in which it shall be alleged that the asphalt plant to be furnished by the Pioneer Iron Works for this defendant was to become part of the realty, did become part of the realty, and could not be returned. In this way the defendant could keep the plant without paying for it, and the rule as to personal property, which required the return or offer to return of defective articles, would not apply. The difficulty with this present claim on behalf of the defendant is that the asphalt plant according to the contract consisted of machinery manufactured by the Pioneer Iron Works and did not become real property by being annexed to concrete foundations or bricked in. Similar structures placed in buildings have been considered personal property, requiring their return if not in accordance with contract, unless, as I have above stated, a counterclaim or separate action has been brought for a breach of contract.

The following is a list of cases on the subject: Mantel and fireplaces, International Tile. & Trim Company v. Ahlers, 18 N. Y. Supp. 883.[1] Steam engine and brick-making machinery, shafts, belts, and pulleys, etc., Wiles v. Provost, 6 App. Div. 1, 39 N. Y. Supp. 461. Engine, boiler, and mill, with machinery and appliances, Brown v. Foster, 108 N. Y. 387, 15 N. E. 608. Hot-water heating apparatus in a dwelling house, boilers, and radiators, Ellison v. Creed, 34 App. Div. 15, 53 N. Y. Supp. 1054. Tank for heating water by steam, Logan v. Berkshire Apartment House, 3 Misc. Rep. 297, 22 N. Y. Supp. 776. Engines, boilers, and pumps for electric light plant, Norwich Light Co. v. Ames, 122 App. Div. 319, 106 N. Y. Supp. 952. Heating plant and apparatus for a dwelling house, Long v. Chapman, 97 App. Div. 241, 89 N. Y. Supp. 841. Steam-heating apparatus for a factory,

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 64 Hun, 634.

with coils of pipe for the various rooms, Bates v. Fish Bros. Wagon Co., 50 App. Div. 38, 63 N. Y. Supp. 649. Mantels for a house, Bensler v. Locke, 4 Misc. Rep. 486, 24 N. Y. Supp. 364. Electric light plant, Ball Electric Light Co. v. Sanderson Bros. Steel Co., 14 N. Y. Supp. 429.[2] Windmill on premises, Fisher v. Goodrich, 61 App. Div. 534, 70 N. Y. Supp. 38.

I cannot find that the rule laid down in Smith v. Brady, supra, has been extended to any other kind of property than buildings erected upon real estate, or the remodeling or repair thereof. The leading case upon this subject, where the reason for the distinction in this particular between real and personal property finds clear expression, is Dodsworth v. Hercules Iron Works, 66 Fed. 483, 13 C. C. A. 552, opinion by Judge Lurton. The subject of the litigation was an ice plant. "The machinery," he says, at page 489 of 66 Fed., at page 558 of 13 C. C. A., "was capable of removal. It had not become annexed to the soil, and for that reason *the property of the owner of the soil.*"

The fact that walls will be broken, foundations uprooted, or brick and cement work destroyed, in removing the manufactured articles, will not turn them into real property under this rule regarding the manufacture and sale of machinery. By reason, therefore, of what the contract in question calls for and the nature of the property as disclosed upon the previous trial of this case, I must deny this motion for leave to serve the amended answer.

Separate actions have been brought upon the notes, but what is here said applies to both actions.

Motion denied, with $10 costs.