JOHN NIGHTINGALE et al., Appellants, *v.* MOSES L. EISEMAN et al., Respondents.

Defendants gave to the agent of plaintiffs, who were manufacturers of silk, an order for 100 pieces of silk, to be shipped in lots or installments, at times specified, the first one to be twenty-five pieces and to be paid for ten days after delivery. Plaintiffs, in acknowledging by letter receipt of order, stated that they would endeavor to forward the goods "as near as possible to the time specified." Plaintiffs shipped seventeen pieces of the silk and no more. *Held*, an action was not maintainable to recover the purchase-price of the quantity delivered; that assuming the contract as made by plaintiffs' agent was modified as to time of delivery by their letter, they still bound themselves to deliver the whole quantity ordered at some time; and that none was to be paid for until delivery of the whole; but, conceding this not to be the proper construction of the con-

tract, and that defendants were bound to pay for each installment within ten days after delivery, plaintiffs were at least bound to make one complete delivery before demanding payment; also that the receipt of the seventeen pieces was not a waiver of complete performance.

Upon the trial, plaintiffs' agent, who took the order, was asked, as a witness in their behalf, whether after the order was given, he had any, and if so what, conversation with defendants, or either of them, with respect to the delivery of the goods, under the contract. These questions were objected to as immaterial, and excluded. There was no claim that the contract had been changed and the counsel did not disclose what he expected to prove by the questions. *Held,* no error.

One of the plaintiffs was called as a witness and asked, whether, if it had not been for the strike of their workmen, they would have been able to deliver the goods at the times stated in the order or within a reasonable time thereafter, and whether such a strike had not interfered with the delivery of a portion of the goods. These questions were objected to as incompetent and immaterial, and excluded. *Held,* no error; that any evidence which could have been elicited in answer to the question could show no excuse for a failure to make a delivery at least of the whole of the first installment at some time before suit brought.

Reported below, 50 Hun, 189.

(Argued April 25, 1890; decided April 29, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 23, 1888, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at the circuit.

This was an action to recover for goods sold and delivered. The material facts are stated in the opinion.

*Albridge C. Smith* for appellants. The construction of the contract by the General Term cannot be upheld. (*Tipton* v. *Feitner,* 20 N. Y. 432.) If the terms of payment were doubtful as to whether defendants should pay ten days after each delivery or ten days after the whole order was delivered, the plaintiffs were entitled to have submitted to the jury the question as to what the terms of credit were. It was a question of fact, not of law. (*Tobias* v. *Lissberger,* 26 N. Y. 152.) The court below erred in excluding evidence as to conversations of Valentine and defendants respecting deliveries under the order at the time the order was taken. (*Briggs* v. *Hilton,* 99

N. Y. 526.) Under the language of plaintiffs' acceptance of the order, regard must be had to plaintiffs' facilities and extent of their business and contracts they already had in hand. (Blackb. on Cont. 226 ; *H. E. Co.* v. *McHaffie*, L. R. [4 Q. B. Div.] 670; Benj. on Sales, § 1027.) Although the plaintiffs may have failed to deliver twenty-five pieces under the first delivery, yet the defendant accepted the seventeen pieces delivered, without protest or objection, and must pay for them at the contract price, less any damage they may have sustained by reason of deficiency in quantity. (*Avery* v. *Wilson*, 31 N. Y. 341 ; *Norrington* v. *Wright*, 115 U. S. 204 ; *H. C. & M. Co.* v. *Matthews*, 76 N. Y. 145.) As the contract required the first delivered under it to be twenty-five pieces, it was the defendants' right and duty to reject the seventeen pieces. (*Avery* v. *Wilson*, 81 N. Y. 345.) Whether the defendants waived the full and strict performance was a question of fact for the jury: (*Vanderbilt* v. *E. I. Works*, 25 Wend. 665 ; *Smith* v. *Brady*, 17 N. Y. 176 ; *Cassidy* v. *LeFerse*, 45 id. 562 ; *Avery* v. *Wilson*, 81 id. 346.)

*Theodore Connoly* for respondents. The plaintiffs having delivered but a portion of the first installment called for by the contract, cannot recover. (*Catlin* v. *Tobias*, 26 N. Y. 217 ; *Champlin* v. *Rowley*, 18 Wend. 187 ; *Kein* v. *Tupper*, 52 N. Y. 550 ; *Smith* v. *Brady*, 17 id. 173 ; *Baker* v. *Higgens*, 21 id. 397 ; *Visscher* v. *G. A. Co.*, 11 Hun, 159 ; *Hill* v. *Hiller*, 27 id. 416 ; *Brown* v. *Norton*, 50 id. 248 ; *Adams* v. *Nichols*, 19 Pick. 275 ; *Crane* v. *I., etc., R. R. Co.*, 59 Ind. 165 ; *Collins* v. *Delaporte*, 115 Mass. 159 ; *Millard* v. *Morse*, 32 Penn. 506 ; *M., etc., R. R. Co.* v. *Fort Scott*, 15 Kans. 435 ; *Durland* v. *Pitcairn*, 51 Ind. 426 ; *School District No. 1* v. *Dauchy*, 25 Conn. 530 ; *Fredenburg* v. *Turner*, 37 Mich. 402 ; *M. F. Co.* v. *Hovey*, 21 Pick. 417 ; *Norrington* v. *Wright*, 115 U. S. 188.) A strike in the mill of plaintiffs was no excuse for their non-performance of their express contract. (*Harmony* v. *Bingham*, 12 N. Y. 99 ; *Norton* v. *Woodruff*, 2 id. 153 ; *Oakley* v. *Morton*, 11 id. 25 ; *Jenkinson* v. *Wheeler*,

2 Abb. Ct. App. Dec. 444; *Crane* v. *Knubel*, 2 J. & S. 455; *Sherwood* v. *A. Ins. Co.*, 10 Hun, 595; *Tompkins* v. *Dudley*, 25 N. Y. 274; *Van Buskirk* v. *Roberts*, 31 id. 675; *Nelson* v. *Odiorne*, 45 id. 493; *Dexter* ·v. *Norton*, 47 N. Y. 64; *Booth* v. *S. D. R. M. Co.*, 60 id. 492; *Wheeler* v. *C. M. L. Ins. Co.*, 82 id. 652; *Bacon* v. *Cobb*, 45 Ill. 47, 52; *Steele* v. *Buck*, 61 id. 346; *School Trustees* v. *Bennett*, 3 Dutch. 513; *Dermott* v. *Jones*, 2 Wall. 1, 8; *Blackstone* v. *E. R. R. Co.*, 20 N. Y. 48; *P., F. W. & C. R. R. Co.* v. *Hazen*, 84 Ill. 36; *P., C. & S. L. R. R. Co.* v. *Hollowell*, 65 Ind. 188; 2 Lawson on Rights & Rem. § 1823; *Geismer* v. *L. S., etc., R. R. Co.*, 102 N. Y. 563; *Hexter* v. *Knox*, 7 J. & S. 109–118.) The following question of plaintiffs was, under objection, excluded: "In the trade, is it expected, when an order for goods is given to the manufacturer for delivery at different periods, that defendants' delivery shall be at the exact periods mentioned in the order?" This question was clearly improper. (*Hopper* v. *Sage*, 112 N. Y. 530; *Hill* v. *Blake*, 97 id. 216.)

EARL J. On the 4th day of January, 1886, the plaintiffs were manufacturers of silk, at Paterson, New Jersey, and the defendants were dealers in silk, doing business in the city of New York. On that day, an agent of the plaintiffs, who was engaged in selling silk for them on a salary, called upon the defendants at their place of business and took from them the following order:

"Order No. 11.                          *January* 4th, 1886.
  Ship by Ex.                    EISEMAN & Co.,
  Bill Mach.                          Grand St., City.
  Duplicate No.
  Term, 6–10 1 per cent. special.

                          ⎧ 25 pcs., Feb. 20.
                          ⎪ 50  "   Mch. 1st.
              Delivery. ⎨ Balance before Mch. 15,
                          ⎩ or earlier if possible.

No. 756.          100 *pcs.*, 19 in. Surah, @ 60c."

Then follows a statement of the colors of the different pieces to be furnished. It was proved that the figures 6, 10, 1, following the word "Term," meant six per cent off from the bill for the silk, one per cent extra discount, and the silk to be paid for ten days after delivery. The order having been sent to the plaintiffs by their agent, on the next day they wrote to the defendants that they had received their order and would endeavor to forward the goods "as near as possible to the time specified." About the thirteenth of March, they shipped from Paterson, to the defendants at New York, seventeen pieces of the silk, and never, thereafter, shipped any more; and they commenced this action on the thirteenth of April thereafter to recover the contract-price of the silk delivered. The defendants refused payment before the action was commenced and defended the action on the ground that the plaintiffs had not performed their contract.

If we assume that the contract, as made by the plaintiffs' agent, is to be considered modified by their letter to the defendants, so that they were bound to deliver the silk only as near as possible to the time specified in the contract, yet in any event the contract bound them to deliver at some time. If the circumstances were such as to excuse the plaintiffs from delivery at the time specified in the contract, yet they were bound to deliver, and they could perform their contract only by delivering the silk at some time. We are inclined to the opinion that the contract should be treated as an entire contract to deliver the one hundred pieces, and that none of the silk was to be paid for until ten days after the delivery of the whole. But, if such be not its proper construction, and the defendants were bound to pay for each of the installments of silk specified in the contract within ten days after the delivery thereof, the plaintiffs were bound to make at least one complete delivery before they could call upon the defendants for any payment. The defendants, in no way, so far as the evidence discloses, waived complete performance. The seventeen pieces of silk were shipped to them from Paterson. They had no reason to suppose that the plaintiffs intended that ship-

ment as a compliance with their contract to ship twenty-five pieces; and so, when they received the seventeen pieces, they had the right to suppose that they would be followed by a further shipment, and that the plaintiffs would continue to perform their contract. They could, therefore, receive the seventeen pieces without waiving their right to demand further performance before they could be compelled to pay. At the very first time when they were called upon to speak, that is, when they were asked to pay for the seventeen pieces, they refused payment on the express ground that the plaintiffs had not performed their contract, and promised that they would pay when the balance of the silk was received, and not before.

Therefore, whether we regard this as a single contract by which the plaintiffs were bound to deliver one hundred pieces of silk before they could demand any payment, or whether we consider the defendants bound to pay for each delivery specified in the contract, we think the plaintiffs are not entitled to recover; and for this conclusion the authorities in this state are so abundant that they need not be cited.

At the trial the counsel for the plaintiffs asked one of their witnesses, the agent who took the order from the defendants, the following questions: "After you took this order did you have any conversation with the defendants, or either of them, with respect to the delivery of any of the goods under this contract?" "After the taking of that order what conversation did you have with the defendants in regard to the delivery of the first installment of pieces referred to in the contract?" These questions were objected to on the part of the defendants as immaterial, and were excluded by the court. The counsel did not disclose what he expected to prove by these questions, and it is impossible to discover what competent evidence could have been elicited by them. No claim was made at the trial that the contract had in any way been changed; and the court, therefore, committed no error in excluding the questions.

One of the plaintiffs, as a witness, was asked the following questions by his counsel: " State whether or not, but for the

strike of the laborers employed in your mill, you would have been able to deliver the goods ordered by the defendants at the time stated in the order, or within a reasonable time thereafter ? " " State whether or not the strike of the laborers interfered with the delivery of a portion of the goods ordered by the defendants at the time named in the order given by them ? " These questions were objected to by defendants' counsel as incompetent and immaterial, and were excluded. No complaint was made at the trial that the plaintiffs did not deliver the seventeen pieces of silk in time. The sole complaint was that they did not deliver even the twenty-five pieces required for the first installment; and any evidence which could have been elicited by these questions could show no justification for a failure to make such delivery at some time before the action was commenced, and, therefore, the questions were properly excluded.

The judgment is clearly right, and should be affirmed.

All concur.

Judgment affirmed.