### KIRSHMAN v. CRAWFORD–PLUMMER CO. (No. 6630.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

1. SALES (§ 182*)—DELIVERY OF PART—ACCEPTANCE AND RETENTION—KNOWLEDGE—QUESTION FOR JURY.

    It cannot be said, as a matter of law, where less than the quantity of goods contracted for was delivered, that the buyer accepted and retained those delivered, knowing the seller was not going to perform in full, so as to make him liable for them at the contract rate, under Personal Property Law (Consol. Laws, c. 41) § 125, subd. 1, as added by Laws 1911, c. 571, where without right to reject, where the buyer testifies he retained them on promise of the seller to make up the deficiency; but, the evidence being conflicting, it is a question for the jury.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 492–495; Dec. Dig. § 182.*]

2. SALES (§ 178*)—DELIVERY OF PART—LIABILITY—"USED OR DISPOSED OF."

    By merely putting them on sale, without selling them, the buyer has not "used or disposed of" the part of the goods delivered, within Personal Property Law, § 125, subd. 1, as added by Laws 1911, c. 571, making him, if so doing before knowing that the seller is not going to perform his contract in full, liable for their value; but a situation where he cannot return them is contemplated by the statute.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 451–455; Dec. Dig. § 178.*]

Appeal from Special Term, New York County.

Action by Harry Kirshman, doing business as Kirshman Bros., against the Crawford-Plummer Company. From an order setting aside a verdict directed for him, plaintiff appeals; and from an order setting aside a verdict for it, and granting a new trial, defendant appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, DOWLING, and HOTCHKISS, JJ.

Charles L. Hoffman, of New York City, for plaintiff.
Martin Lippman, of New York City, for defendant.

McLAUGHLIN, J.   Action to recover $1,614.50 for goods sold and delivered.   The defendant admits an indebtedness of $460, so that it is only necessary to consider a single item, amounting to $1,-154.50,

The plaintiff is a manufacturer of ladies' cloaks and suits in the city of New York, and the defendant, a foreign corporation, is the owner of a retail ladies' cloak and suit store in Boston, Mass.   On or about April 17, 1913, an agreement was entered into between plaintiff and defendant whereby plaintiff agreed to sell and defendant to buy a certain job lot of ladies' suits.   At the trial the testimony on the part of the plaintiff tended to show that this job lot consisted of 140 suits, while that on the part of the defendant was to the effect that the agreed number was 190 suits, among which were some 40 or 50 suits made of a material known as eponge.   Crawford, the treasurer of the defendant, who negotiated the purchase, testified that these eponge suits were of a particular value at the time of the purchase, and were the principal consideration for his taking the job lot.   On April 18, 1913, 139 suits, including seven samples already in defendant's possession, were received at its store in Boston and unpacked in the presence of Crawford.   The shortage claimed by defendant was discovered at that time, but, notwithstanding, the goods were marked and put on sale the following morning.   There is a conflict of testimony as to whether the shipment included 30, or only 2, eponge suits; plaintiff's witnesses testifying to the former, and defendant's to the latter, number.   According to the testimony of Crawford, he returned to New York City three or four days after the arrival of the suits in Boston, and complained to Markowitz, the salesman of defendant with whom he had had all of his negotiations with reference to the purchase, of the shortage in the job lot shipment.   He told Markowitz he would not keep the suits without the eponges, and Markowitz, after having professed to have consulted the plaintiff, assured him that—

"they were going to make up the eponges to square it up, and I so sent word to my Boston office that they were going to make them up."

Markowitz denied having had such conversation with Crawford, and testified he did not see or hear from him from the day the goods were shipped until after May 13, 1913, when 91 of the suits were expressed to the plaintiff, who refused to accept them.   Crawford testified that he was tired of waiting for the eponges which plaintiff had agreed to make up and deliver, and for that reason returned those not disposed of by express.   The suits which were not returned had been sold, the dates of the sales not appearing in the record.   Eighteen of the suits in the job lot were concededly valued at $7 each, and the rest at $8.50 each.   The jury returned a verdict in favor of the plaintiff for $903.   This was subsequently set aside, and a verdict directed for the

plaintiff in the sum of $1,687; but the directed verdict was later set aside, and the verdict of the jury reinstated, with leave to plaintiff to move for a new trial. Upon a motion by plaintiff, the verdict of the jury was accordingly set aside, and a new trial granted. Plaintiff appeals from the order setting aside the verdict directed by the court, and defendant from the order setting aside the verdict of the jury and granting a new trial.

[1] The plaintiff's first contention is that he was entitled to the direction of a verdict under section 125, subd. 1, of the Personal Property Law, which reads as follows:

"Where the seller delivers to the buyer a quantity of goods less than he contracted to sell, the buyer may reject them, but if the buyer accepts or retains the goods so delivered, knowing that the seller is not going to perform the contract in full, he must pay for them at contract rate. If, however, the buyer has used or disposed of the goods delivered before he knows that the seller is not going to perform his contract in full, the buyer shall not be liable for more than the fair value to him of the goods so received."

It is impossible to reconcile the testimony of the respective parties. The verdict rendered by the jury, however, indicates that it resolved all disputed questions against the plaintiff, and in determining whether plaintiff were entitled to the direction of a verdict for the full amount claimed, such question must be decided against him, in so far as a fair consideration of all the evidence bearing upon that subject will permit. Such being the situation, and assuming the contract to have called for 190 suits, it cannot, I think, be said as a matter of law that the acceptance and retention of the 139 suits was with knowledge that the seller was not going to perform his contract in full. Nor is it a necessary conclusion from the evidence that the defendant waived performance of the contract asserted by it, thus severing the contract as to the merchandise actually delivered. Nightingale v. Eiseman, 121 N. Y. 288, 24 N. E. 475; Catlin v. Tobias, 26 N. Y. 217, 84 Am. Dec. 183.

[2] A more difficult question to determine is whether, in marking the 139 suits and putting them on sale the defendant "used or disposed of" the suits, so as to make it liable, under the section of the Personal Property Law above quoted, for the fair value to it of the goods received. I am of the opinion, however, that in the statute quoted the words "used and disposed of" mean something more than merely accepting. It contemplates a situation in which the buyer cannot return the goods to the seller. If the defendant put these suits on sale, relying upon the plaintiff to complete the performance of his contract, and left them on sale, relying upon the assurance of Markowitz that the contract would be performed in full, it was not thereby precluded from returning within a reasonable time, the suits not sold, and therefore is liable only for those suits which it was unable to return. These were questions which should have been submitted to the jury with proper instructions, and for that reason the order setting aside the directed verdict should be affirmed.

Certain errors were committed by the trial court, however, which entitle plaintiff to a new trial. Plaintiff made four requests to charge, which were refused, and exceptions taken. The first two embodied

substantially the language of section 125, subd. 1, of the Personal Property Law. The last two are as follows:

Tenth request: "Even if the plaintiff agreed to deliver to the defendant 190 suits, the jury may determine whether the defendant, by receiving and retaining 139 suits and offering them for sale, as well as the subsequent transaction between them, did not treat the delivery of those suits as partial performance of the entire order of 190 suits."

Eleventh request: "If the jury find that the defendant did treat such delivery as part performance, and waived the delivery of the balance of 190 suits, there should be a verdict for the plaintiff for the contract price of the suits actually received by the defendant."

These requests presented questions which the plaintiff was entitled to have determined by the jury, and they should have been so instructed.

It follows that the orders appealed from should be affirmed, without costs to either party.

LAUGHLIN, DOWLING, and HOTCHKISS, JJ., concur. INGRAHAM, P. J., concurs in result.