DORFMAN et al. v. WERTHAN BAG & BURLAP CO. et al.

(Supreme Court, Appellate Term, First Department. June 28, 1916.)

1. SALES ⊗⇒359(2)—BREACH OF WARRANTIES—EVIDENCE—SUFFICIENCY.

In an action for balance of purchase price due on goods sold and delivered, evidence *held* sufficient to support defendant's counterclaim for damages for plaintiffs' failure to complete the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1058; Dec. Dig. ⊗⇒359(2).]

2. SALES ⊗⇒89—CONTRACTS—ALTERATION—DAMAGE FOR BREACH.

Where plaintiff failed to deliver 15,000 paper bags necessary to complete his contract with defendant, and upon defendant's insistence agreed to make the shipment, but refused to "resume any freight charges," which condition defendant accepted as satisfactory, *held*, that the contract was not made divisible, nor did defendant waive his claim for damages by reason of the increase in price of the bags suffered as a result of plaintiff's failure to make complete delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 251, 252, 259; Dec. Dig. ⊗⇒89.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Isaac Dorfman and others against the Werthan Bag & Burlap Company and others. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Leo Oppenheimer, of New York City, for appellants.

Heymsfeld & Weiss, of New York City (Nicholas A. Heymsfeld, of New York City, of counsel), for respondents.

PHILBIN, J. This is an action for a balance alleged to be due for goods sold and delivered by the plaintiffs to the defendant. It was discontinued prior to the trial as to all the defendants, except the

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Werthan Bag & Burlap Company. The complaint was oral. The answer was in writing, and after making a general denial set up a counterclaim for $150 because of an alleged breach of contract in that the plaintiff failed to deliver 15,000 bags. The quantity called for by the contract was 40,000 bags, and only 25,000 were delivered. The defendant conceded that the merchandise delivered aggregated $1,416.85, of which $1,275.17 had been paid, leaving an apparent balance due the plaintiffs of $141.68, the amount claimed. The defendant put in evidence tending to show that the damage suffered by them by reason of the breach was $150, as above stated.

The plaintiffs in their bill of particulars admitted that the agreement called for about 40,000 bags to be shipped from time to time, but, in view of defendant's failure to pay promptly for the 25,000 bags shipped, the plaintiffs further claimed that they exercised their legal right not to ship the remainder. The contract price for the bags was 4½ cents, and the defendant claimed it was obliged to replace them by paying 5¾ cents, including allowance for freight from New York. The contract called for f. o. b. New York. The agreement was made on the 10th of May, 1915, and the partial shipment made by plaintiffs was on the 7th of June, 1915. On the 11th of June, 1915, the defendant paid 90 per cent. of the price of the goods received, or $1,275.17, as above stated. The defendant by letter on the 14th of June, 1915, insisted upon a delivery of the balance of 15,000 bags, and plaintiffs on the 22d of June promised to ship them, "but will not resume any freight charges." By a letter dated two days later the defendant replied that that was satisfactory. There then ensued some correspondence as to the said balance of $141.68 due on the shipment of 25,000 bags, and defendant said it would not pay it until the rest of the bags were shipped.

[1, 2] It was contended that the testimony as to the market prices in relation to the alleged damages put in by defendant was insufficient for the purpose. It was conceded by plaintiffs, however, that a certain person, if called by the defendant, would testify that the price of the bags was 5½ cents on or about the 7th of June, 1915. It was urged by the plaintiffs that by the acceptance of the 25,000 bags and the payment of 90 per cent. of their cost, the contract was changed into a divisible one, and that the correspondence, particularly the defendant's letters of the 24th of June and the 13th of July, 1915, show that defendant waived any rights it might have had against the plaintiffs. It was further asserted that the failure of the defendant to pay the balance due on the foregoing shipment rendered it in default. The first of the above letters refers to the letter of the plaintiffs in which they said they would ship the 15,000 bags, and the second, of the 13th of July requests that the bags be shipped. It does not, therefore, appear that the defendant had ceased to regard the contract as entire, or intended to waive any rights it had under it. As to whether there was a waiver is a question of intention. Kirshman v. Crawford, 165 App. Div. 259, 150 N. Y. Supp. 886. The contract was entire, and was not rendered divisible by the conduct of the parties. The counterclaim of the defendant should have been sustained.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.